2022 PA Super 207

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE A/S/O BATES COLLISION, INC. JAMES MYERS, ANITA MORGAN, LOSSIE AUTO SERVICE, AND BENEDICTINE SISTERS OF ERIE, INC. | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : : : : : | No. 1482 WDA 2021 |
| UNITED SERVICES AUTOMOBILE ASSOCIATION | : : : : : | |
| v. | : : : : | |
| BATES COLLISION, INC., | : | |

Appeal from the Judgment Entered November 12, 2021
In the Court of Common Pleas of Erie County Civil Division at No(s):  No.
12888-18

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.*

DISSENTING OPINION BY DUBOW, J.:                    **FILED:  December 6, 2022**

I write to address whether the trial court properly granted summary

judgment to USAA on Erie's claim of promissory estoppel, the sole cause of

action asserted by Erie.  Based on the following analysis, I would conclude

that the court erred in granting summary judgment to USAA because an

element of promissory estoppel, *i.e.*, reasonableness of reliance on the

_____

* Retired Senior Judge assigned to the Superior Court.

promise made, must be determined by a trier of fact. Accordingly, I conclude the trial court erred as a matter of law and would reverse the order granting summary judgment to USAA.

The Majority aptly detailed the underlying facts in its Opinion so I reiterate only the following. After the parties performed a joint fire inspection, fire investigators for both Erie and USAA acknowledged that the cause of the fire originated with the BMW. Erie's fire inspector indicated that it needed to do a "destructive investigation" of the BMW to determine exactly what within the BMW caused it to combust. As a result, Erie asked USAA to "wrap" and preserve the BMW and inform it of the preserved BMW's location so it could conduct further investigation. USAA informed Erie that the BMW was stored at Insurance Auto Auction ("IAA"), a salvage yard. USAA's representative and expert indicated they would request that IAA "wrap and preserve" the BMW. Letter from Jurado to Erie, 2/23/17. No other communication about the BMW occurred until Erie attempted to schedule the invasive inspection and learned that the IAA had sold the BMW as scrap.

As a result, Erie filed its Complaint as subrogee of Bates Collision and its other insureds affected by the fire, asserting only one count against USAA: promissory estoppel. *See* Complaint, filed 11/9/18. In the complaint, Erie contended that it had relied on USAA's promise that it would request that IAA secure, wrap, and preserve the BMW and, but for USAA's promise, Erie "would have done so at its own expense and/or filed a legal action to require [USAA] to do so." Complaint, 11/9/18, at ¶ 24. Erie further noted that as a result of

USAA's failure to preserve the BMW as promised, Erie "is unable to pursue a claim against the manufacturer of the vehicle, the owner of the vehicle or anyone else" to recoup its losses as subrogee. *Id*. at ¶ 25.

Discovery ensued and both Erie's and USAA's representatives and specialists provided deposition testimony regarding, *inter alia*, the standard course of preservation of evidence in fire cases. USAA's fire analyst stated that she and the other fire investigators at the joint inspection understood that the BMW would be preserved for future inspection.[1] IAA's owner testified that he would not have preserved the property without a specific document from USAA as the owner of the BMW. USAA admitted that it did not provide the necessary documentation to IAA to preserve the vehicle.[2]

On May 5, 2021, Erie filed a motion for summary judgment. USAA subsequently filed a cross-motion for summary judgment. On November 12, 2021, the trial court, after characterizing Erie's cause of action as one for negligent spoliation of evidence, granted USAA's motion for summary judgment relying, as the Majority here does, on *Pyeritz*.[3]

With respect to the promissory estoppel cause of action actually raised in the Complaint, the trial court stated only the following:

---

[1] Deposition of Alisa Marie Breneman, 12/3/20, at 87, 90-93, 97, 102, 113, 146.

[2] Deposition of Frank Jurado, 12/5/19, at 165.

[3] *Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011) (defining "spoliation of evidence" as "the non-preservation or significant alteration of evidence for pending or future litigation.").

- 3 -

Assuming arguendo that [Erie's] "equitable" cause of action "sounding in promissory estoppel" could be recognized as a valid cause of action in Pennsylvania, and whether a duty to preserve said evidence arose from promissory estoppel or tort, the calculation of damages is an essential feature of any claim attempting to hold a third party accountable for spoliation of evidence. Accordingly, proving damages in a claim for third-party spoliation of evidence is fraught with many of the same valuation problems that litigants are likely to confront in other types of actions such as promissory estoppel involving spoliation of evidence.

. . . A trier of fact, in the instant case, would have to speculate as to the nature of the missing evidence and the effect it might have in the underlying action, rendering the fact of harm and causation uncertain and incapable of reducing to damages, thereby creating the potential for arbitrary and inconsistent results.

Tr. Ct. Op., entered 11/12/21, at 14-15.

In affirming the trial court, the Majority here adopts the trial court's reliance on **Pyeritz**, and its mischaracterization of the claim pled in the Complaint as one sounding in spoliation of evidence. Erie did not assert a cause of action for spoliation of evidence; it asserted a claim for promissory estoppel. **Pyeritz** did not address a claim of promissory estoppel at all, as the Majority's discussion of the case shows, and that case is, therefore, irrelevant to Erie's claim.

I, thus, turn to the propriety of the trial court's grant of summary judgment on Erie's promissory estoppel claim, mindful of our standard and scope of review and the following legal precepts.

We reverse an order granting summary judgment only where the trial court committed an error of law or abused its discretion. ***Pappas v. Asbel***, 768 A.2d 1089, 1095 (Pa. 2001). Our scope of review is plenary. ***Id.*** In addition, "[w]e view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." ***Id.*** "Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered." ***Id.***

"[T]he doctrine of promissory estoppel is invoked to avoid injustice by making enforceable a promise made by one party to the other when the promisee relies on the promise and therefore changes his position to his own detriment." ***Crouse v. Cyclops Indus.***, 745 A.2d 606, 610 (Pa. 2000). Promissory estoppel generally sounds in contract law as it permits an equitable remedy to an otherwise unenforceable binding agreement. ***Id***. at 610. "To maintain a promissory estoppel action, a claimant must aver the following elements: (1) the promisor [here, USAA] made a promise that it should have reasonably expected would induce action or forbearance on the part of the promisee [Erie]; (2) the promisee [Erie] actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." ***Sullivan v. Chartwell Inv. Partners, LP***, 873 A.2d 710, 717–18 (Pa. Super. 2005). ***See also*** Restatement (Second)

Contracts § 90(1) (1981) (providing that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.").

> The promisor is affected only by reliance which he does or should foresee, and enforcement must be necessary to avoid injustice. Satisfaction of the latter requirement may depend on the reasonableness of the promisee's reliance, on its definite and substantial character in relation to the remedy sought, on the formality with which the promise is made, on the extent to which the evidentiary, cautionary, deterrent and channeling functions of form are met by the commercial setting or otherwise, and on the extent to which such other policies as the enforcement of bargains and the prevention of unjust enrichment are relevant.

Restatement (Second) of Contracts § 90 (1981) (Comment B). The reasonableness of the promisee's reliance is a determination to be made by a trier of fact. *Lobolito, Inc. v. North Pocono School Dist*, 755 A.2d 1287, 1292 (Pa. 2000).

Here, the trial court made no determinations as to the reasonableness of Erie's reliance on USAA's promise to secure, wrap and preserve the BMW prior to granting USAA's motion for summary judgment and denying Erie's motion for summary judgment. As noted by the *Lobolito* Court, the reasonableness of the reliance is a material issue of fact to be made by a trier of fact. For this reason, summary judgment is not appropriate.

Moreover, it is well-settled that courts will generally determine damages **only after** promissory estoppel has been established, and then damages will

be based on the amount of money the promisee expended or lost in reliance on the promise. ***See id.*** at 1293 n.10 (Pa. 2000) (citing ***Banas v. Matthews Int'l Corp.,*** 502 A.2d 637, 648 n. 12 (Pa. Super. 1985) (under promissory estoppel, a promisee's recovery is ordinarily "limited to recovery of the amounts lost and expended in reliance on the promise")).

Here, Erie did not indicate what amount of money it expended or lost in reliance on USAA's promise to preserve the BMW as evidence, but the determination of damages is not an element of promissory estoppel. Rather, it is the remedy to be determined after a fact-finder determines that the elements of promissory estoppel have been shown, *i.e.*, the promisor made a promise upon which it knew the promisee would rely, the promisee reasonably relied, and injustice can be avoided only by enforcing the promise. Thus, in addition to erring in granting summary judgment to USAA, the trial court erred in discussing damages at all.

Accordingly, I would reverse the trial court's grant of USAA's motion for summary judgment. For these reasons, I dissent.